UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | No.  2:20-cv-00992 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| RAFAEL DACANAY, | |
| Defendant. | |

This is an action for declaratory relief initiated by American General Life Insurance Company, seeking a judgment determining the proper direction and/or payee of the held and remaining payments due to defendant under the Annuity No. 402229 issued by American General Annuity Insurance Company, and annuity No. T00002353I issued by AIG Life Insurance Company under which Dacanay is the annuitant and measuring life.  ECF No. 13 at 3.  American General is the successor in interest to both AGAIC and AIG Life.  Id.  Defendant was served with process but has not appeared. ECF No. 6.  Plaintiff, expressing competency concerns identified during its investigation to determine the proper payee and/or payment direction of the Annuities, requested that the District Judge assigned to this case appoint a guardian ad litem to represent Dacanay's interests in this matter.  ECF No. 8.  On July 31, 2020, the court denied without prejudice the Motion for Appointment of Guardian Ad Litem for lack of sufficient admissible evidence of Dacanay's incompetence.  ECF No. 12.

1

1    Plaintiff brings this motion to compel production of "individually identifiable health

2   information" as defined by the Health Insurance Portability and Accountability Act of 1996

3   ("HIPAA") from third party California Medical Facility ("the Facility").  ECF No. 13 at 5.  The

4   Facility was subpoenaed on October 5, 2020 but responded that it could not make a production

5   without a court order.  Id.  On September 14, 2020, defendant was sent a letter informing him of

6   plaintiff's intent to subpoena medical records from the Facility and notifying him of his right to

7   object.  ECF No. 13-1 at 2.  Defendant has not objected.

8    Finding the discovery at issue necessary for the court to address possible appointment of a

9   guardian ad litem, IT IS HEREBY ORDERED plaintiff's motion to compel (ECF No. 13) is

10   GRANTED and that the plaintiff's proposed HIPPA-Compliant Protective Order (ECF No. 13-5),

11   is APPROVED and INCORPORATED herein.

12    IT IS FURTHER ORDERED THAT:

13    1.  Requests to seal documents shall be made by motion before the same judge who will

14   decide the matter related to that request to seal.

15    2.  The designation of documents (including transcripts of testimony) as confidential

16   pursuant to this order does not automatically entitle the parties to file such a document with the

17   court under seal.  Parties are advised that any request to seal documents in this district is governed

18   by E.D. Cal. R. ("Local Rule") 141.  In brief, Local Rule 141 provides that documents may only

19   be sealed by a written order of the court after a specific request to seal has been made.  Local

20   Rule 141(a).  However, a mere request to seal is not enough under the local rules.  In particular,

21   Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or*

22   *other authority for sealing*, the requested duration, the identity, by name or category, of persons

23   to be permitted access to the document, and all relevant information."  Local Rule 141(b)

24   (emphasis added).

25    3.  A request to seal material must normally meet the high threshold of showing that

26   "compelling reasons" support secrecy; however, where the material is, at most, "tangentially

27   related" to the merits of a case, the request to seal may be granted on a showing of "good cause."

28   Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied,

137 S. Ct. 38 (2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

      4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

      5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, including any disputes regarding inadvertently produced materials under Fed. R. Evid. 502, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

      6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

      7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

      8. Any provision in the protective order (ECF No. 13-5) that is in conflict with anything in this order is hereby DISAPPROVED.

      IT IS SO ORDERED.

DATED: June 9, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE